1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
9                         AT TACOMA

10

11  ROBERT MOZZER,                      CASE NO. C14-5052 RJB

                        Plaintiff,      ORDER GRANTING UNITED
12                                       STATES' MOTION TO DISMISS

13          v.

14  UNITED STATES OF AMERICA,

                        Defendant.
15

16          This matter comes before the court on United States' Motion to Dismiss (Dkt. 7).  The

17  court has considered the pleadings filed in support of and in opposition to the motion and the

18  remainder of the file herein.

19                      **PROCEDURAL HISTORY**

20          On December 18, 2013, plaintiff filed his complaint in Clark County District Court's

21  Small Claims Department, claiming that an employee of the Department of Veteran Affairs

22  (VA), Carolyn, Bateson, "use[d] fraudulent deception, (Violating [RCW] 9A.60.040) in order to

23  gain releases to tamper with witnesses (Violating [RCW] 9A.72.120)."  Dkt. 1-2.  On January

24

1   17, 2014, defendant then removed the case to this court based on federal question jurisdiction.

2   Dkt. 1.

3         On February 13, 2014, defendant filed this Motion to Dismiss based on three theories: (1)

4   failure to state a claim under Rule 12(b)(6); (2) failure to exhaust administrative remedies under

5   the Federal Tort Claims Act (FTCA); and (3) lack of subject matter jurisdiction under Rule

6   12(b)(1).  Dkt. 7 at 1.  Defendant alleges that plaintiff has failed to state a claim upon which

7   relief can be granted because he merely alleges that Ms. Bateson used "fraudulent deception" to

8   acquire plaintiff's release of information.  Dkt. 7 at 4.  Defendant also argues that plaintiff failed

9   to exhaust his administrative remedies under the Federal Tort Claims Act (FTCA) because

10  plaintiff never presented an administrative tort claim to the VA.  Dkt. 7 at 5.  Finally, defendant

11  argues that plaintiff's claims fall outside the jurisdiction of this court because, to the extent

12  plaintiff contests how Ms. Bateson acted regarding a grant or denial of a VA benefit, the

13  Veterans Judicial Review Act (VJRA) explicitly divests this court of jurisdiction to make such

14  determinations.  Dkt. 7 at 8.

15        Plaintiff did not file a response.  On March 7, 2014, defendant filed its reply, requesting

16  that the court find in their favor under LCR 7(b)(2) based on plaintiff's failure to file a response.

17  Dkt. 12.

18        **<u>STANDARD FOR MOTION TO DISMISS</u>**

19  **Rule 12(b)(6) Standard**

20        Under Fed.R.Civ.P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim

21  upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a

22  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

23  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  While a complaint

24

1    attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

2    plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

3    and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell*

4    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

5            Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient

6    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

7    *v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 570).  A claim has "facial

8    plausibility" when the party seeking relief "pleads factual content that allows the court to draw

9    the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  First, "a

10   court considering a motion to dismiss can choose to begin by identifying pleadings that, because

11   they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679.

12   Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their

13   veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "In

14   sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and

15   reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

16   plaintiff to relief."  *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

17           If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

18   should be afforded the opportunity to amend the complaint before dismissal.  *Keniston v.*

19   *Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory,

20   the claim should be dismissed.  *Id.*  "Dismissal without leave to amend is improper unless it is

21   clear, upon de novo review, that the complaint could not be saved by any amendment."  *Moss*,

22   572 F.3d at 972.

23

24

ORDER GRANTING UNITED STATES' MOTION
TO DISMISS- 3

1   Here, plaintiff's claims are claims based on state criminal statutes.  Statutes that provide

2   for punishment by fine or imprisonment do not create privately enforceable rights or give rise to

3   civil liability.  *See, e.g.*, *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam)

4   (finding no civil liability under criminal conspiracy statutes).  Therefore, plaintiff has failed to

5   state a claim upon which relief can be granted.  His claims should be dismissed without prejudice

6   with an opportunity to refile if he can allege a tort against the United States for which it is liable.

7   **Requirement to Exhaust Administrative Remedies**

8   Plaintiff's tort claims are governed by the Federal Tort Claims Act, 28 U.S.C. §

9   1346(b)(1) (FTCA), which permits suit against the United States for common law torts

10   committed by federal employees in certain conditions.  The FTCA is the exclusive remedy for

11   individuals seeking damages for alleged tortious activities of federal employees acting within the

12   scope of their employment.  *See* 28 U.S.C. §§ 2674, 2679(b)(1); *FDIC v. Craft*, 157 F.3d 697,

13   706 (9th Cir. 1998).

14   Under the FTCA an action shall not be instituted upon a claim for money damages unless

15   the claimant first complies with the administrative claim requirement.  *See* 28 U.S.C. § 2675(a);

16   *see also Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).  The administrative claim

17   requirement mandates that a plaintiff present a claim to the appropriate federal agency within

18   two years of the date that the claim accrues, or the claim is barred.  See 28 U.S.C. § 2401(b).

19   The administrative claim requirement at Section 2675(a) is jurisdictional.  *E.g.*, *Brady*,

20   211 F.3d at 502; *Vacek v. U.S. Postal Service, et* al., 447 F.3d 1248, 1250–51 (9th Cir. 2006).

21   Because the requirement is jurisdictional, it "must be strictly adhered to.  This is particularly so

22   since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in

23

24

1   favor of the United States." *Jerves v. United States,* 966 F.2d 517, 521 (9th Cir.1992) (citations

2   and internal quotation marks omitted).

3   Specifically, in order to properly file an administrative claim with a federal agency:

4   [A] claim shall be deemed to have been presented when a Federal agency receives from a
    claimant, his duly authorized agent or legal representative, an executed Standard Form 95

5   or other written notification of an incident, accompanied by a claim for money damages
    in a sum certain for injury to or loss of property, personal injury, or death alleged to have

6   occurred by reason of the incident; and the title or legal capacity of the person signing,
    and is accompanied by evidence of his authority to present a claim on behalf of the

7   claimant.

8   28 C.F.R. § 14.2.  The regulation requires that in order to present an administrative tort claim to

9   the appropriate agency the claimant must present the claim to the agency in writing by means of

10  an SF-95 or equivalent and the writing must include a demand for a sum certain amount of

11  monetary damages.  *See GAF Corp. v. United States,* 818 F.2d 901, 919 (D.C. Cir. 1987)

12  (holding that § 2675(a) requires a claimant to file "(1) a written statement sufficiently describing

13  the injury to enable the agency to begin its own investigation and (2) a sum-certain damages

14  claim.").  Both the FTCA itself and its implementing regulations make clear that prior to filing

15  suit in court a claimant must file an administrative claim with the relevant agency.

16  Here, plaintiff has failed to show that he filed any administrative complaint with the VA

17  to properly put defendant on notice of plaintiff's essential claims.  With regard to defendant's

18  failure to exhaust argument, the motion to dismiss should be granted and plaintiff's claims

19  should be dismissed without prejudice.

20  **Rule 12(b)(1) Standard**

21  A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the factual

22  allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

23  Constitution, laws, or treaties of the United States, or does not fall within one of the other

24

ORDER GRANTING UNITED STATES' MOTION
TO DISMISS- 5

enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986).  *See* 28 U.S.C. §§ 1331, 1346.

When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225.

The Ninth Circuit has concluded that "§ 511 [of the Veteran's Judicial Review Act (VRJA)] precludes jurisdiction over a claim if it requires the district court to review "VA decisions that relate to benefits decisions," including "any decision made by the Secretary in the course of making benefits determinations."  *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (internal citations omitted), *cert. denied*, 133 S.Ct. 840 (2013). Therefore, under the VRJA, this court does not have subject matter jurisdiction over plaintiff's claims to the extent that he asks for review of a decision of his VA benefits, and such claims should be dismissed with prejudice.

## <u>ORDER</u>

Accordingly, it is hereby **ORDERED** that:

1.  United States' Motion to Dismiss (Dkt. 7) is **GRANTED**.

2.  To the extent plaintiff's claims relate to a decision of the Department of Veteran Affairs regarding plaintiff's benefits, those claims are **DISMISSED** with prejudice.

3.  The remainder of plaintiff's claims are **DISMISSED** without prejudice to plaintiff to refile after he has exhausted his administrative remedies.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of March, 2014.

ROBERT J. BRYAN
United States District Judge